**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** * | |
| * | |
| **v.** * | **Criminal No. 07-00200-CG** |
| * | |
| **MICHAEL LEVAR HOPKINS,** * | |
| * | |
| **Defendant** * | |
| * | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, in the Indictment in the above-entitled case, the United States sought forfeiture of property which represented drug proceeds, and/or property used to facilitate drug transactions of defendant Michael Levar Hopkins, pursuant to Title 21, United States Code, Section 853;

AND WHEREAS, based upon the guilty plea entered on October 22, 2007, and the Plea Agreement entered into between the United States and defendant Michael Levar Hopkins, and for the reasons stated, it is hereby

ORDERED, ADJUDGED AND DECREED, that pursuant to Title 21, United States Code, Sections 841(a)(1) and 853, and Federal Rule of Criminal Procedure 32.2(b), the interests of defendant Michael Levar Hopkins is hereby condemned and forfeited to the United States for disposition according to law in the property identified as follows:

(1) Four Thousand seven hundred and thirty-seven dollars ($4,737.00) in United States currency seized from the defendant's residence on May 22, 2007;

(2) Four Thousand dollars ($4,000.00) in United States Currency contained in safety deposit box #320 at Marion Bank & Trust Companies, Marion, Alabama;

(3) A 1997 Black Chevrolet Silverado Z 71, VIN #2GCEK19R9V1116249;

(4) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at:

Commencing at a found ½ pipe being a point on the South right of way line of County Road 24 and the locally occupied Northwest corner of B.S. Phillips property as shown on plat by Robert H. McMillian (AL PLS #9794) and am recorded in Deed Book 350, Pages 440-443, Perry County, Alabama; thence N 61°-16'-58" E along South right of way line of County Road 24 for 110.00 to as set ½" copped rebar and being the Point of Beginning of herein described property, thence continue along South right of way line N 61°-16"-58" E for 110.00 to a set ½ capped rebar, thence N 28°-58'-45" W for 396.50 back to the Point of Beginning.  Sold parcel of land contains 1.0 acres, more or less, located in section 10, township 19N, Range 1E, Perry County, Alabama;

(5)  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at:

A parcel of land lying in section 10, township 19N, Range 1E, Perry County, Alabama, and being further described as beginning at a pound ½ Rebar on the South Right of way of AL, Highway 14 (50° from centerline) and the rest right of the Curley Beverly Road (25° from centerline) as shown on plat by Robert H. McMillan (AL RLS # 9794), thence 80° along said right of way line to a set of ½ Rebar; and being the point of beginning; thence continue along said right of way line 100.00° to a set ½ Rebar; thence turn a 90° angle right for a distance of 178.00 to a set ½ Rebar; thence turn a 90° angle right for a distance of 100.00 to a set ½ Rebar, thence turn a 90° angle right for a distance of 178.00 to the point of beginning.  Said parcel of land contains 0.4 acres more or less;

(6) All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at:

 A parcel of land lying in section 10, township 19N, Range 1E, Perry County, Alabama, and being further described as beginning at a pound ½ Rebar on the South Right of way of AL, Highway 14 (50° from center line) and the west right of the Curley Beverly Road (25° from centerline) as shown on plat by Robert H. McMillan (AL RLS # 9794) and being the point of beginning, thence along said right of way line a distance of 80.00° to a set of ½ Rebar; thence turn a 90° angle right for a distance of 178.00 to a set ½ Rebar; thence turn a 90° right for a distance of 71.17 to a set ½ Rebar; thence turn an interior angle of 122° 03'-24" for a distance of 98.89' to a found ½ Rebar, thence turn an interior angle of 123° 24'-26" for a distance of 103.81° to the point of beginning. Said parcel of lance contains 0.4 acres more or less;

(7)  All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at:

    Commencing at a found ½ pipe being a point on the South right of way line of County Road 24 and the locally accepted Northwest corner of BS Phillips property as shown on plat by Robert H. McMillian (AL PS #9794) and recorded in Deed Book 350, Pages 440-443, Perry County, Alabama; Thence N 61°- 16'-58" E along South right of way line of County Road 24 for 330.00 to a found ½ capped rebar and being the Point of Beginning of herein described property; thence continue along South right of way line n 61°-16'-58" E for 421.99 tp a found ½ Rebar; thence S 4°-10'-03" W for 489.46 to a found ½ Rebar; thence S 66°-37'-23" W for 155.10 to a found ½ Rebar; thence N 28°-58'-45" for 396.60 back to the Point of Beginning.  Said parcel of land contains 2.7 acres more or less, located in Section 10, Township 19 North, Range 4 East, Perry County, Alabama.

    AND WHEREAS, by virtue of said guilty plea and Plea Agreement, the United States is now entitled to, and it should, pending possible appeal herein, reduce the said property to its possession and notify any and all potential third parties who have or may have an interest in the forfeited property, pursuant to Title 21, United States Code, Section 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

    NOW THEREFORE, IT IS HEREBY **ORDERED, ADJUDGED AND DECREED**:

    That based on the Plea Agreement, the factual resume, the guilty plea, and Fed.R.Crim.P 32.2(b)(3), and pursuant to the defendant's consent, all right, title and interest of defendant Michael Levar Hopkins in the above-described property is hereby forfeited to and vested in the United States of America for disposition in accordance with law, subject to the provisions of Title 21, United States Code, Section 853(n).

    That the aforementioned property is authorized to be held by the United States Marshals Service in their secure custody and control.

    That pursuant to Title 21, United States Code, Section 853(n)(1), the United States Marshal forthwith shall publish at least once a week for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshals intent to dispose of the property in a manner as the Attorney General may direct, and notice that any person, other than

the defendant, having or claiming a legal interest in any of the above-described forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of their receipt of actual notice, whichever is earlier.

This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon showing that such discovery is necessary or desirable to resolve factual issues.

The United States shall have clear title to the property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third-party petitions.

Pursuant to Fed. R. Crim. P. 32.2(b)(3), and the Plea Agreement signed by the parties, this Preliminary Order of Forfeiture shall become final as to the defendant at the time of execution and shall be made part of the sentence included in the judgment.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

The Clerk of the Court shall forward three (3) certified copies of this Order to Assistant U.S. Attorney George F. May, U.S. Attorney's Office, Southern District of Alabama.

DATED this 24th day of January,  2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE